IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OCTAVIO ZAMORA-CHONA,<br><br>Defendant. | **8:24CR196**<br><br>**ORDER ON INITIAL REVIEW** |

This matter is before the Court on defendant Octavio Zamora-Chona's ("Zamora-Chona") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 128). He raises seven grounds of ineffective assistance of counsel—the last of which relies on the cumulative effect of the other six. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). He also requests the appointment of counsel to assist with his § 2255 motion and leave to obtain his counsel's file.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to conduct a preliminary review of Zamora-Chona's motion. Unless "it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that [Zamora-Chona] is not entitled to relief," the Court generally must order the government to respond. *Id.*

The Court's initial review of Zamora-Chona's motion reveals that summary dismissal is not warranted. He raises several issues regarding his conviction and sentence that require the government to respond and just one that does not. The Eighth Circuit has long held that "[e]rrors that are not unconstitutional individually cannot be added together to create a constitutional violation." *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) (clarifying the "cumulative effect of attorney errors are" not sufficient "grounds for

habeas relief"); *accord Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006); *Hall v. Luebbers*, 296 F.3d 685, 692 (8th Cir. 2002). That bedrock principle is fatal to his cumulative-effect claim. The rest survive initial review.

Turning to Zamora-Chona's request for counsel, the Court finds that unnecessary at this time. *See* 28 U.S.C. § 2255(g) (generally giving the Court discretion to appoint counsel for an indigent defendant); 18 U.S.C. § 3006A(a)(2)(B) (allowing the appointment of counsel when "the interests of justice so require"); *Garza v. Idaho*, 586 U.S. 232, 245 (2019) (reiterating "[t]here is no right to counsel in postconviction proceedings"). Absent an evidentiary hearing, which cabins the Court's discretion, when reviewing a request for counsel, the Court considers "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) ("The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition."); *accord* Rule 8(c), Rules Governing Section 2255 Cases in the United States District Courts.

Applying that standard here, the Court is satisfied that Zamora-Chona can fully and fairly present his § 2255 motion on the briefs without the assistance of counsel. The ineffective-assistance-of-counsel claims he raises are not particularly complex and he has presented them both articulately and effectively. As he notes, his claims largely depend on his personal interactions with his counsel and his counsel's actions and perceived inactions in this case. Zamora-Chona has a good handle on those issues and the legal arguments he makes as a result. Given Zamora-Chona's demonstrated "ability both to investigate and to articulate his claims without court appointed counsel," *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997), his request for counsel is denied without prejudice.

Finally, at the end of his motion, Zamora-Chona requests in passing "leave to obtain trial counsel's file." That request is denied for the simple reason that he does not need leave of court to obtain his file from his former counsel. *See United States v. Bartunek*,

No. 8:17CR28, 2024 WL 454964, at *1 (D. Neb. Feb. 6, 2024) (noting that Section 46(2) and (3) of the *Restatement (Third) of the Law Governing Lawyers* (2000) respectively require that a lawyer without substantial grounds to refuse "must, upon request, 'allow a client or former client to inspect and copy any document possessed by the lawyer relating to the representation'" and deliver to the former client "'at an appropriate time and in any event promptly after the representation ends, such originals and copies of other documents possessed by the lawyer relating to the representation as the client or former client reasonably needs.'").

And—perhaps because of that misunderstanding—he neither describes any effort he made to get the information he wants from his counsel nor gives any reason why the Court should intervene. *Cf. Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" (quoting *Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996))); *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."); Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts (imposing a good-cause requirement for discovery).

In light of the foregoing,

IT IS ORDERED:

1. The government shall answer or otherwise respond to defendant Octavio Zamora-Chona's ("Zamora-Chona") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 128) on or before December 14, 2026.
2. Zamora-Chona's requests for the appointment of counsel and for leave to obtain his client file are denied without prejudice.
3. The Court will determine whether to hold an evidentiary hearing after the motion is fully briefed. *See Thomas v. United States*, 737 F.3d 1202, 1206

(8th Cir. 2013) (holding that an evidentiary hearing is generally required before resolving a material factual dispute or deciding an issue that turns on credibility).

4. The Clerk of Court is directed to send a copy of this order to Zamora-Chona at his address of record within the Bureau of Prisons.

Dated this 13th day of November 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge